The next motion for argument is United States v. Razouk, but I don't believe council has arrived yet, so we'll proceed to the ordinary day calendar and take the motion at the end. We'll hear then Persad v. Sessions, No. 17661. Mr. Siegel. May it please the court. The issue in this case, and I wanted to thank for granting the oral arguments in this case. The issue in this case, as presented, is whether the government sustained the heavy burden of proving with clear and convincing evidence that the unitary military court sentence for multiple court counts could be applied specifically to one count of the many to establish that Persad was convicted to 12 months or more, which is the requirement in order to sustain the aggravated felony conviction under the INA. The government in removal proceedings has a very heavy burden establishing with clear and convincing evidence that the grounds of removability. It actually was held in the United States Supreme Court decision in Nijovan v. Holder. It was consistently then upheld by different circuit courts. When it comes to aggravated felony conviction, the government carries a very heavy burden of proving with reasonable, substantial, and probative evidence that the crime committed actually meets the definition in this case 101-843-G. And that would include establishing that he was convicted for this specific count that matters for 12 months or longer. No deportation order, the Supreme Court told us in Woody and also reiterated in Nijovan a few decades later, can be issued unless proof is presented with clear and empirical evidence. What kind of proof could be presented? For the apportionment of the sentence? Yes. Is it possible? I mean, I'm looking at the rules regarding courts-martial and see that they provide that sentencing by court-martial is unitary. The court-martial will adjudge a single sentence for all the offenses of which the accused was found guilty. If you have multiple counts, what kind of evidence or review might be available to disaggregate the unitary sentence? That's actually precisely the point, Your Honor. If you look at the Rule 1006C of the court-martial, it specifically says, and I quote, Any member may propose a sentence. Each proposal shall be in writing and shall contain a complete sentence proposed. And the appendix to this Rule 21 specifically uses this to establish this very principle in the unitary sentence. The point being the military judge simply does not have the latitude and the discretion to award consecutive sentences. Are there any circumstances in which, for example, if Prasad had been sentenced to 60 months and he had the four counts, would we be entitled to presume that at least one was over a year? No, because, Your Honor, if I may, if you look through the military decision, the military court of appeals division, they all make it clear that when you review the military sentence, the way sentences work is that all the counts sort of contribute to the sentence. So at this point of time, keeping in mind the clinical means and evidence standard, it's practically impossible to extrapolate to what counts specifically what portion of the sentence applies. So they wouldn't be entitled, for example, to go back to the courts-martial and say, Listen, we really need to understand for these other purposes how you thought about it, how you accumulated the sentence. Is there any, you know, if they explained, well, you know, we thought it was 10 months for this and 15 months for that, or is that just not, it's not possible because of the rule? It's not possible to disaggregate no matter what kind of evidence might be adduced. The Third Circuit in Jackson v. Taylor addressed this very issue and said that it is not possible to extrapolate one sentence, sustain the unitary sentence structure of the military court, and held that it's a mere conjecture at this point to extrapolate what specific sentence term applied to specific count. And Gutierrez, which is the well-cited case in the manual, the court of military appeals case, citing to Jackson v. Taylor actually makes this very point when they establish the unitary, when they explain the unitary sentence rule. And also it's worth noting that Jackson v. Taylor was confirmed by the Supreme Court in 1957, one year after this was actually enacted by the Third Circuit. Are you opposing the remand, the government request? I am opposing the remand, Your Honor, and I am opposing the remand for a number of reasons. Number one, I am opposing the remand because the board had three opportunities to review this issue. Three times they had the opportunity to review this issue. First time when Chavez-Alvarez, when the Third Circuit found the board reasoning to be a clear error, specifically in the application of general presumption into military courts, what you refer to the general presumption on criminal law to military courts, they specifically found it to be a clear error. Second time, so they remanded to the board. It comes back to the board, and the board completely ignores this issue and decides to rule on a different issue. They could have done two things. They could have first incorporated the court, the Third Circuit decision, expanded to all circuits, or they could have produced a different reasoning, and they didn't. And the third thing that time, it's in the Prasad case, where they specifically relied on the same old precedent of 1948 and the matter of S. And the Martinez ---- Your remand invites the BIA to consider two other offenses that they didn't consider at all. I understand this, Your Honor. But whether or not the two other offenses are important for the BIA to consider is not the question here because the aggravated ---- It's the question as to whether there should be a remand. I understand this, Your Honor. But you're saying you oppose a remand, and I'm asking you, why wouldn't we remand at least to let them look at those two other offenses? The two other offenses do not take away from the legal permit resident the ability to apply for a waiver. In other words, if the ---- They don't count? They do count, but there is a waiver available for this type of offense. Two crimes of more ---- Just to make sure I'm understanding, the other offenses, my understanding was that there were at least one offense that might constitute a crime involving moral turpitude, and that the BIA had not yet ruled on that. So if we were to agree with you, for example, about the disaggregation of the unitary sentence, that it's not possible, still the BIA would be entitled to rule on whether one of his crimes of conviction constituted a crime involving moral turpitude. But the important point ---- Is this understanding? But the important point, this case presented a single issue. And the issue is whether it's an aggravated felony. Why it's important, because legal permit resident can do nothing, cannot fight deportation, cannot get any relief if that was an aggravated felony. He cannot. So on the other hand, if the board comes back and rules on this, on the two other offenses, then he might have the opportunity to do the waiver. And another thing is the board basically here will be rendering an advisory opinion, because you're not bound to defer to the board an interpretation of the military law. I'm still a little confused. If we were to agree with you that you can't look at a unitary sentence and disaggregate it and say that one of the offenses of conviction is an aggravated felony because the sentence was over one year, in light of what the military rules say about unitary sentences, isn't there nonetheless an open question as to whether your client was convicted of a crime involving moral turpitude that the BIA has not yet ruled on? And why wouldn't a remand be appropriate for the BIA to consider that question? Because this very question is not relevant to the issue of whether it was an aggravated felony. How do you get to limit your appeal to the issue that you want to? I don't understand that. I understand you have an issue, and you've told us what it is. But they say there are other issues in the case. Then why didn't they decide those issues when they had the opportunity? They had the opportunity. They thought they had a sufficient reason to rule. Courts don't have to rule on every possible issue. They pick the one they thought was a winner. You think it's a loser. So why can't they go on to the others? Because, again, if they go back to the others, they will be making a determination on the application of the sentence for military law. Moral turpitude, moral turpitude, menacing. There's a conviction for menacing in state court, correct? Right. And that is at least potentially a grounds that would support the government's position, right? Right. And the IJ and the BIA didn't get to that. They didn't think they needed it. So they put it to the side and didn't deal with it, correct? Right. And so why shouldn't, if we agree with you about the military justice sentence, why shouldn't it then just go back to the BIA so they can determine whether these other grounds are sufficient? Because if it goes back to the BIA, the BIA is going to have to, it depends how they amend the structure. If they amend the structure to go and address those issues and then you make a substantive ruling on the issue presented here, then I wouldn't oppose to the amend. But if the amend is for the BIA to rule at all the issues, including the issues you're talking about, and the aggravated felony issue, then that's a problem because BIA would be in effectively rendering an advisory opinion to the court. You're not bound by the BIA determination as to the military law. Understood. So I wouldn't oppose to the BIA if the government limits its appeal, agrees with our argument, limits its appeal that the BIA should be allowed to have a second look at the crime of non-interpreted conviction. I would not object to the amend. I think we have the clarification we need. You have three minutes for rebuttal, and we'll hear from Mr. George. Thank you, Your Honor. May it please the Court, Matthew George for the Attorney General. I want to make a quick point. I'm not sure that we would agree with my opponent's statement about the court not having to defer to the board's interpretation of military law. I don't know that that's a big issue in this case, but I think the court would not defer necessarily to the board's interpretation of military law, in the same way it would not defer to the board's interpretation of state criminal law. That's neither here nor there, really, for this opinion or this case. You're saying you agree that we do not have to defer to the board's interpretation of military law. I would agree with that statement, Your Honor, yes. In this case, I've run it by we have a number of former JAG officers in our office. I've run this every which way by everyone I can. I don't see a way that this military sentence is in any way apportionable to the individual counts. Now, perhaps— You're not seeking—I'm sorry. Please, go ahead. You're not seeking remand to reopen the record to see if there's a way to tease out what the sentence was for that particular larceny count. On one hand, we're not. I kind of phrased it the way I did in the motion and in our brief just to give the— I don't want to necessarily bind the government in a way that I don't have to, but— Is there anything in the record that would suggest— No, Your Honor. —this sentence was 12 months for one count, 6 for another, 14 for the third? No, Your Honor. I agree that military sentences are unitary, and there's no way to apportion them. That seems to be— And is there any—are you hoping to reopen the record in order to develop such a theory of apportionment? I haven't seen anything like that from my client or anywhere else. Honestly, I don't think it's possible. That's helpful. I read your brief to look—to read otherwise. It's difficult. This is an odd position for me to be in. It's difficult for me to actually say it's wrong or something like that, but I think the reality is, on the military sentence, it's not apportionable. That issue is essentially over. But as the Court has pointed out, there still is the issue of the crime involving moral turpitude that the agency set aside, thinking that the aggravated felony issue was sufficient, and so that issue is still there, and that's really the basis of our remand, and that's what we think the agency needs to have the first look at now that— If a military sentence was more than four years on four counts, would that suffice to show that at least one count was more than one year? Under the precedent and rules and things I've looked at for this case, I would have to say no. I don't think it's possible. Wouldn't it have to be four counts and the sentence is five years? Doesn't one of them have to be at least one year? I don't think we can say that based on, like, what the Supreme Court has said, this unitary notion. How could it be five years with four counts, all of which were less than one year? I think for courts martial, somehow look at the charges and weigh all the factors and come up with— He's talking about their arithmetic, not the law. The whole is more than the sum of the parts. I don't know. If I knew, Your Honor, I would say I just don't know. I'm not familiar with how they're calculated or it appears that they can't be apportioned. So even if it was, say, 100 years, I don't know that we could say this is definitely more than a year because we simply don't know how it— You couldn't say this is, but you could say at least one of them is, right? I don't know if we could go that far. I just don't know. Well, not all of the counts here are larceny counts under the statute. Would you agree with that? I think that's right, Your Honor. I think only two of them are definitely—qualify as theft offenses, like aggravated— meet the definition of aggravated felony theft offense. Okay. Can you say whether the agency is moving towards the position that you're taking here because it does seem required in— The Third Circuit's reasoning is hard to reject. I haven't seen anything definitive from the agency. I don't know how many courts martial cases they see. This may be, for example, the second one ever. I don't know, given that the first one being the Third Circuit one. I'll say I've been at this office for approximately 10 years. This is the first time I've seen a courts martial case. That's helpful. So I don't know. So you're willing to see it remanded to look at the other counts? Yes, Your Honor. He just said finally, after being asked three times, he's willing to see it remanded so long as the remand is only to look at the other counts, right? Yes, Your Honor. Do you both agree on what the remand should be? I believe so, yes, Your Honor. Too bad this wasn't stipulated before you got here. We had some discussions. I tried to work it out. We just couldn't come to an agreement. So I apologize for having to come to this stage. But, again, yeah, that's our position. I think the military sentence is essentially done. But we'd ask the court to send it back for consideration of the crime involving moral turpitude. Thank you very much. We appreciate your candor. Mr. Siegel, you have three minutes of rebuttal. It does seem that we have agreement now. Thank you. I wouldn't be so sure that the board is not going to go to engage again in conjectural maneuvers in order to try to extrapolate the sentence on remand. If our remand directs the board to consider rules on this question and directs the board to consider only one other question, I think that we can draw effective boundaries. But, Your Honor, for you to do this, you're going to have to rule on the substantive issue presented. No one is saying that the court would not rule on that issue. That's the only thing that we're urging here. We're urging the court to rule on the substantive issue presented, and we do not oppose to remand on other grounds. We're only concerned with the board engaging in speculations as to how to apportion military sentence because the government tried to come up before the Third Circuit with this kind of conjectural formula where they took the life expectancy and then He just said he's not going to do that. He just said they're not going to do that. He said he sort of yes and sort of no. That's what I've heard from him. He said he sort of wanted to be remanded only for the two counts of crime of moral interpretation, but at the same time he doesn't really know. That's how I read and heard what he said. So I just urge this court to put to rest this issue of first impression for this circuit and join the Third Circuit in holding on this specific issue, the issue that concerns me, that there is no way to extrapolate from a unitary military sentence the one year or more. I'll give you— I think you've just heard a concession to that effect. Excuse me? I think you've just heard a concession to that effect, that you cannot disaggregate a unitary military sentence. Yes, I agree with this. Fine. I think we have the arguments. Thank you, Your Honor. Thank you.